UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

v.                              Case No. 8:92-CR-316-T-15(A)

**JOSEPH DILLARD**

_____/

O R D E R

Before the Court is Defendant's motion entitled "Motion for Reduction of Sentence under Title 18 USC § 3582" (D-81).

To put this matter in context, after accepting Defendant's guilty plea drug and firearm charges, on April 28, 1993, the Court sentenced the Petitioner to a term of imprisonment of one hundred and fifty one (151) months as to counts one through three to run concurrently, ten (10) years as to count five to run concurrently with the sentence imposed in counts one through three, and sixty (60) months as to count four to run consecutively with the sentence imposed in counts one, two, three and five. (D-30.)  The Court amended the judgment as to count four on October 4, 1993.  (D-32.)

Defendant filed his first section 2255 motion on June 21, 1996.  (D-33.)  By order dated November 1, 1996, the Court granted the motion in part and reversed the Defendant's

conviction and sentence as to count four. (D-37.) The Court amended the judgment and modified the Defendant's sentence as to counts one, two and three to provide for a sentence of 188 months to run concurrently with the ten-year sentence imposed in count five. Id. Defendant filed a notice of appeal of that order. (D-38.) On February 27, 1998, the Eleventh Circuit Court of Appeals dismissed Defendant's appeal for want of prosecution. (D-65.)

Thereafter, Defendant sought permission from the Eleventh Circuit to file a § 2255 motion based on Apprendi v. New Jersey, 530 U.S. 466 (2000). The Eleventh Circuit denied the request.

In August 2001, Defendant filed a motion to dismiss the indictment based on jurisdictional defects. (D-70.) One of the arguments Defendant made in this motion was that the Government failed to file a notice that it was seeking an enhancement based upon Defendant's prior convictions as required by 21 U.S.C. § 851. The Court denied the motion to dismiss the indictment and, further, found to the extent that Defendant was seeking relief pursuant to § 2255, he was not entitled to such relief because (1) Petitioner had not been granted permission by the Eleventh Circuit to file a

successive § 2255 motion; and (2) his claim regarding the Court's amending the judgment without holding a re-sentencing hearing was time-barred. (D-72.)

In March 2003, Defendant sought relief under the All Writs Act, 28 U.S.C. § 1651(a) and pursuant to Fed.R.Crim.P. 52(b). (D-75.) Defendant again argued that the Government failed to comply with the requirements of 21 U.S.C. § 851(a) in seeking an enhancement of Defendant's sentence. Petitioner also argued that the Court did not allow Defendant to contest the constitutionality of the prior convictions in violation of 21 U.S.C. § 851(b). By order dated March 14, 2003, the Court denied Defendant's motion. (D-77.)

On June 2, 2003, Defendant again sought relief from the Court. (D-78.) The Court denied Defendant's motion. (D-79.)

In July 2004, Defendant again returned to Court attempting to attack his sentence. At that time, Defendant argued that the Court denied Defendant due process and the right to counsel when it amended Defendant's sentence in 1996 without holding a re-sentencing hearing.

Defendant, relied on In re Green, 215 F.3d 1195, 1196 (11th Cir. 2000) ("because Green attacks the constitutionality of his re-sentencing proceeding only, and not the validity of

his conviction, we hold this § 2255 motion is not 'second or successive'"), and argued that his motion was not successive as he only attacked the constitutionality of his amended sentence.

The Court noted that Defendant previously raised the same claims in his August 2001 motion and that the Court had found these claims untimely. (D-70.) In this regard, the Court found that Defendant's conviction became final on May 28, 1998 and that he had until May 29, 1999 to file a section 2255 motion attacking his 1996 sentence. The Court again found the claims untimely.

Thereafter, Defendant sought permission from the Eleventh Circuit to file a successive section 2255 motion. Defendant indicated that he wished to claim denial of effective assistance of counsel at his re-sentencing hearing based on the counsel's failure to challenge: (1) the Government's section 851 notice; (2) the court's reliance in re-sentencing Defendant on factual findings that neither were charged in the indictment nor proven to a jury beyond a reasonable doubt; (3) the court's acceptance of his plea, which was not knowing or voluntary; and 94) the court's re-sentencing him without first allowing him to allocute. On December 27, 2004, the Eleventh

Circuit found that Defendant "failed to make a _prima facie_ showing of a claim based on any of the grounds set forth in § 2255," and therefore denied his application for leave to file a successive section 2255 motion. (D-80.)

Despite the Eleventh Circuit's denial of Defendant's request for leave to file another § 2255 motion, on April 29, 2005, the Court received the instant motion in which he once again seeks a reduction of his sentence. Defendant again argues that he did not have counsel at re-sentencing. He also claims that his plea was not knowing and voluntary. Finally, he argues that he should not have received certain enhancements.

Defendant's motion, which the Court construes as a section 2255 motion attacking his 1996 sentence, comes nearly five years past the one-year statute of limitations deadline. Furthermore, as previously indicated, Defendant does not have permission from the Eleventh Circuit to file a successive section 2255 motion, and, in fact, such permission was denied. As such, Defendant's motion must be dismissed.

The Court ORDERS as follows:

(1) Defendant's motion entitled "Motion for Reduction of Sentence under Title 18 USC § 3582" is DISMISSED.

DONE AND ORDERED at Tampa, Florida this 3rd day of May, 2005.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Pro Se Party
United States Attorney