# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

May 31, 2005

Sheryl L. Loesch
Clerk, U.S. District Court
801 N FLORIDA AVE RM 220
TAMPA  FL  33602-3849

**Appeal Number: 05-12684-A**
Case Style: In Re:  Joseph Dillard
District Court Number:


The enclosed order has been entered.  No further action will be taken in this matter.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Deborah Owens (404) 335-6180


Encl.

DIS-4  (3-2005)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 05-12684-A



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 3 1 2005
THOMAS K. KAHN
CLERK

8: 92-CR-316

IN RE: Joseph Dillard,

Petitioner.

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255

Before    ANDERSON, CARNES and MARCUS, Circuit Judges.

BY THE PANEL:

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Joseph Dillard has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application

satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C).

In his application, Dillard indicates that he wishes to argue in a second or successive § 2255 motion that (1) the district court erred in incorrectly applying the U.S.S.G. § 4A1.1 guideline enhancement, (2) the district court erred in enhancing his sentence based on the type of drug he possessed because he had "chemically enhanced" cocaine, and not crack cocaine, which was not specified in the indictment, (3) his plea agreement was not knowingly and voluntarily entered into at his re-sentencing hearing because he was unaware that he was required, under U.S.S.G. Amendment 487, to be sentenced to a "non-crack" cocaine guideline range, (4) he was denied the effective assistance of counsel to "mitigate #487" and his U.S.S.G. § 2K2.4 enhancement, (5) the district court erred in enhancing his sentence under § 2K2.4 because the enhancement was not listed in his indictment, pre-sentence investigation report, or his plea agreement, and (6) the district court erred in re-sentencing him without his attorney or him there.

Dillard has failed to identify any "newly discovered evidence," and instead relies on the following Supreme Court cases as "new rule[s] of constitutional law:" Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), Dretke v. Haley, 541 U.S. 386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004), Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 58 (1932), and United States v. Booker, 543 U.S. __, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005). First, Gideon and Powell do not meet the § 2255 requirements because both cases were decided before Dillard was indicted and convicted, therefore, they are not new rules of constitutional law and were not previously unavailable. See 28 U.S.C. § 2255. Further, the Supreme Court has never made Dretke retroactively applicable on collateral review, and we have held that the Supreme Court has not made Booker retroactively applicable on collateral review, thus those cases do not meet the § 2255 requirements.

2

See In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005), 28 U.S.C. § 2255.

Accordingly, because Dillard has failed to make a prima facie showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby DENIED.

Sheryl L. Loesch
Clerk, U.S. District Court
801 N FLORIDA AVE RM 220
TAMPA  FL  33602-3849

May 31, 2005

**Appeal Number: 05-12684-A**
Case Style: In Re:  Joseph Dillard
District Court Number:

TO:   Sheryl L. Loesch

CC:   Joseph Wallace Dillard (16247-018)

CC:   Tamra Phipps

CC:   Administrative File