UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                      **Case No.: 8:92-cr-316-T-17AAS**

**JOSEPH DILLARD**
_____/

**REPORT & RECOMMENDATION**

Mr. Joseph Dillard seeks post-conviction relief under the Interstate Agreement on Detainers Act (IAD). (Doc. 87). The government opposes Mr. Dillard's motion because Mr. Dillard is not in federal custody but remains in state custody serving his state sentence for armed robbery. (Doc. 95). Mr. Dillard's writ for habeas corpus ad prosequendum should be **DENIED**.

**I.  BACKGROUND**

In 1993, Mr. Dillard was convicted on three counts for crack-cocaine trafficking, one count for possessing a firearm as a convicted felon, and one count for possessing a firearm in furtherance of a drug trafficking crime. (Doc. 95, p. 1). In 2006, after serving a term of incarceration, Mr. Dillard began his term of supervised release. (*Id.*). On September 8, 2007, the state charged Mr. Dillard with armed robbery. (Doc. 85). Mr. Dillard remains in state custody serving his sentence for that armed robbery charge. (Doc. 95, p. 2). Because Mr. Dillard was serving his federal term of supervised release at the time of his state arrest, on September 20, 2007, this

court issued a warrant for Mr. Dillard's arrest for his resulting alleged supervised release violation. (Doc. 86). To date, the federal arrest warrant has not been executed. (*Id.*). In the meantime, the U.S. Marshals Service lodged a federal detainer on Mr. Dillard so, once his state sentence is complete, the U.S. Marshals Service will be notified and can execute the federal arrest warrant. (Doc. 87, p. 2, ¶ 3).

II.   ANALYSIS

As an initial matter, the district court referred Mr. Dillard's writ. (Doc. 88). Under the rules, magistrate judges are to prepare a "report and recommendation to the Court as to appropriate disposition of the petition or claim" for habeas corpus petitions filed under 28.U.S.C. § 2241, et seq. Local Rule 6.01(c)(17), M.D. Fla.; *see also* Fed. R. Civ. P. 72(b)(1) (providing duties of magistrate to include preparing a report and recommendation for prisoner petitions).

A defendant has no legal right to an immediate hearing on a supervised release violation when the defendant is serving a state sentence and, consequently, the federal arrest warrant remains unexecuted. The IAD does not apply when federal detainers are lodged for unexecuted federal arrest warrants. *See* Interstate Agreement on Detainers Act, 18 U.S.C. § 2, Art. III(a); *Carchman v. Nash,* 473 U.S. 716, 726 (1985). There is no constitutional duty to provide prisoners an adversary hearing until they are taken into custody as a violator by execution of the warrant. *Moody v. Daggett,* 429 U.S. 78, 89 (1976).

Because no warrant has been executed, Mr. Dillard is not yet entitled to any of the procedural protections provided by the IAD, including the speedy disposition

provision. *Jauregui v. United States*, No. 4:14cv665–MW/CAS, 2015 WL 248411 at *4–5 (N.D. Fla. Jan. 20, 2015). Mr. Dillard is not deprived of any constitutionally protected right simply by either the issuance of the unexecuted violator warrant or the lodging of the federal detainer. *See Moody,* 429 U.S. at 89. Therefore, Mr. Dillard's writ for habeas corpus ad prosequendum should be **DENIED**.

**RECOMMENDED** in Tampa, Florida, on October 2, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.  11th Cir. R. 3-1.

Copy to:

Joseph Dillard
#505754
Putnam Correctional Institution
128 Yelvington Rd
East Palatka, FL 32131